United States District Court
Southern District of Texas
**ENTERED**
June 17, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT           SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Sheila Owens-Collins, § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action H-20-3623 |
| § | |
| The Honorable Judge Michael § | |
| Newman, § | |
|     Defendant. § | |

# Report and Recommendation

Judge Michael Newman moves to dismiss Sheila Owens-Collins's amended complaint under Federal Rule of Civil Procedure 12(b)(6) based on judicial immunity. (D.E. 23.)[1] The court recommends that Judge Newman's third motion to dismiss (D.E. 23) be granted and the prior motions (D.E. 9; D.E. 22) be denied as moot.

## 1. Background[2]

This suit arises from guardianship proceedings commenced in October 2017 in Probate Court Number 1 in Harris County, Texas, before a nonparty judge. Following an investigation and medical examinations, the court determined that the proposed ward, Hattie B. Owens, was incapacitated. Despite Ms. Owens's objections, the court appointed a temporary guardian, a guardian ad litem, and an attorney ad litem to represent Ms. Owens's interests. Ms. Owens passed away in the midst of the proceedings, on January 1, 2019.

On February 6, 2019, the guardianship case was reassigned to Judge Michael Newman in Probate Court Number 2. (D.E. 23-5 at 10.) Judge Newman ruled on applications to pay appointees' fees before closing the guardianship case in June 2019. *Id.* at 10–13. Between

---

[1] Two prior motions to dismiss also asserted judicial immunity. (D.E. 9; D.E. 22.)
[2] The factual allegations, taken as true for purposes of the motion to dismiss, are found in the amended complaint (D.E. 20) unless stated otherwise.

February 2019 and October 2020, Judge Newman also presided over the probate proceedings of Ms. Owens's estate. (D.E. 23-6 at 2–11.)

Sheila Owens-Collins, one of Ms. Owens's daughters, sued Judge Newman in federal court on October 22, 2020, alleging: intentional infliction of emotional distress; intentional and negligent interference with prospective economic advantage; and violations of the Fourteenth Amendment, Title II of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. (D.E. 1.) On November 16, 2020, Judge Newman moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) based on judicial immunity. (D.E. 9.) The court held a hearing and granted Owens-Collins leave to amend her complaint. (D.E. 14.)

In Owens-Collins's amended complaint, filed February 5, 2021, she asserts that Judge Newman violated: the Due Process Clause of the Fifth and Fourteenth Amendments; Canons 1 and 2 of the Texas Code of Judicial Conduct; and the Racketeer Influenced and Corrupt Organizations Act. (D.E. 20.) Much of the amended complaint is devoted to allegations about perceived wrongdoings committed by Ms. Owens's family, physicians, the temporary guardian, the guardian ad litem, and the attorney ad litem during the guardianship proceedings. For example, Owens-Collins complains:

- the first attorney ad litem "did nothing to find a least restrictive path or to avoid the guardianship altogether";
- an examining physician "was rude" and conducted a "sham" examination that led him to a "rubber-stamped" diagnosis;
- another attorney ad litem placed "an antagonistic phone call" to Owens-Collins, called her "delusional" in a court document, and ranted during court proceedings; and
- a temporary guardian "lied to the tribunal" that Owens-Collins "caused a ruckus" during a medical examination, "used her influence to attempt to bully" Owens-Collins, "misconstrued" Owens-Collins's efforts, stole Ms. Owens's phone and ignored requests for its return, allowed Ms. Owens's health insurance to lapse, "neglected" and "caused delays" in Ms. Owens's medical care, refused Ms. Owens mental health treatment, and "forced" Ms. Owens into hospice care.

*Id.* at 5, 6, 7, 8, 11, 13, 15, 16.

Owens-Collins alleges that members of her family conspired with the court's appointees to commit estate trafficking and that the trial court failed to supervise its appointees. (D.E. 20 at 3.) Because Judge Newman ordered that the estate pay for fees that Owens-Collins believes were excessive, she alleges that Judge Newman "aided and abetted this scheme." *Id.* at 26.

The amended complaint includes conclusory claims that Judge Newman "abandoned his duty for fairness[,]" "intentionally interfered with such laws in violation of Plaintiff's right[,]" and "committed these acts deliberately[.]" (D.E. 20 at 10, 23.) Owens-Collins's amended complaint includes factual allegations that Judge Newman:

- "refused to allow testimony on the specific lack of performance of job responsibility that was attached to the contest of the [appointees'] fee schedule";
- "approved all of the fees and closed the Guardianship without giving notice to the Plaintiff, leaving unsettled bills, and without providing findings of facts and conclusions despite two requests";
- "awarded $90,000 in fees[] [w]ithout any express ruling on [Owens-Collins's] objections";
- denied Owens-Collins's motion for a new trial and "refused to make requested findings of fact and conclusions of law";
- "overlooked the [temporary guardian's] behavior and approved fees greater than the original amount requested";
- "abused [his] discretion in awarding almost $20,000.00 to the Guardian Ad Litem[,]" "over $53,000.00 to the Temporary Guardian[,]" and "$15,000 to the attorney ad litem" because they "had not properly performed the[ir] duties" and their "fees were not reasonable and necessary";

3

- "erred in approving the Second Amended Final Account of the Temporary Guardian" and "in awarding fees for services to the temporary guardian for her own interest";
- "approv[ed] requests for fees without a signature attesting to the validity of the fees"; and
- "extremely limited any testimony that clearly pointed out that the 'rancor' was a result of family members who initiated a Guardianship and Will contest in 'bad faith[.]'"

*Id.* at 4, 13, 17, 18, 19, 21, 22, 24. Owens-Collins alleges that Judge Newman's actions "rewarded the Appointees and continued to drain the estate with the permission and alignment of disgruntled siblings who were blinded by their hate and jealousy of the Plaintiff." *Id.* at 27.

Judge Newman again moves to dismiss under Rule 12(b)(6) based on judicial immunity. (D.E. 23.) In response, Owens-Collins asserts that section 1201.003 of the Texas Estates Code serves as an exception to judicial immunity. (D.E. 25.)

2. *Legal Standard*

Federal Rule of Civil Procedure 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Courts accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Allen*, 907 F.3d at 177 (quoting *Twombly*, 550 U.S. at 555).

The court liberally construes pro se pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a plaintiff's complaint fails to

state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless doing so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

In considering a motion to dismiss, the court must limit itself to the contents of the pleadings. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents "attach[ed] to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Id.* at 498–99. The court may also take judicial notice of matters of public record. *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

### 3. Judicial Immunity

"Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). Accordingly, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11. This immunity may be overcome if the judge's actions: (1) were not judicial in nature or (2) were judicial in nature but "taken in the complete absence of all jurisdiction." *Id.* at 11–12. "Judicial acts include those performed by judges in adjudicating, or otherwise exercising their judicial authority over, proceedings pending in their courts." *Twilligear v. Carrell*, 148 S.W.3d 502, 505 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). The Fifth Circuit "has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around

a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Davis v. Tarrant Cnty.*, 565 F.3d 214, 222 (5th Cir. 2009). "Allegations of bad faith or malice are not sufficient to overcome judicial immunity." *Id.* at 221.

Owens-Collins alleges that Judge Newman limited testimony during the probate proceedings and abused his discretion in awarding fees to appointees. She also alleges that Judge Newman allowed attorneys to make allegedly "untrue, inflammatory, defamatory, and uncivil" statements in open court. (D.E. 20 at 9.) Attached to her amended complaint are excerpts of court transcripts. *Id.* at 32–37, 50–58, 79–87. Judge Newman's actions centered around and occurred within the guardianship and probate court proceedings. Managing court proceedings is a normal judicial function in any court. *See Johnston v. Dexel*, No. CV H-16-3215, 2017 WL 11612500, at *5 (S.D. Tex. Aug. 18, 2017). Awarding compensation to appointed attorneys and guardians is a normal judicial function in Texas probate courts. *See* Tex. Est. Code Ann. §§ 1054.07(b), 1054.055. The amended complaint is devoid of facts alleging that Judge Newman acted outside of his judicial capacity. The complained-of actions were judicial in nature. *See Twilligear*, 148 S.W.3d at 505 (applying judicial immunity in lawsuit against judges that allegedly failed to oversee expenditures from a guardianship account).

"Probate judges have jurisdiction to preside over probate cases." *James v. Underwood*, 438 S.W.3d 704, 712 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Nothing in Owens-Collins's amended complaint may be construed as a judicial action taken in the complete absence of jurisdiction. Judicial immunity applies to all claims.

*4. Statutory Exception to Judicial Immunity*

Under Texas Estates Code § 1201.003, a judge is liable on the judge's bond to those damaged if damage results to a guardianship or ward because of the judge's gross neglect in using reasonable diligence to perform their duty. "This provision provides a limited waiver of judicial immunity, allowing recovery for losses directly tied to the

6

judge's duties under the subchapter." *James*, 438 S.W.3d at 714. "Those duties include the use of reasonable diligence to determine whether an appointed guardian is performing the required duties, to at least annually examine the well-being of each ward and the solvency of the appointed guardian's bond, to require new bonds from appointed guardians when necessary, and to request the production of identifying information." *Id.* (citing Tex. Est. Code Ann. §§ 1201.001–004). To meet the exception, "a person for whom a guardian has been appointed" or the guardianship itself must be damaged by the judge's gross neglect of the prescribed duties. Tex. Est. Code Ann. §§ 1002.030, 1201.003.

Owens-Collins does not allege in her amended complaint that Judge Newman violated section 1201.003. She mentions the statute only briefly in her response to the motion to dismiss. Her amended complaint makes no mention of the appointed guardian's bond or the judge's bond. Although Owens-Collins complains about the court's appointees' failures to perform their duties, she does not allege how Judge Newman may have failed in his duties under the statute. Instead, Owens-Collins explains that Judge Newman held a hearing and heard expert testimony about the perceived failures of the attorney ad litem, guardian ad litem, and temporary guardian in Ms. Owens's guardianship proceedings. (D.E. 20 at 17–18, 36–37; D.E. 25 at 9.) Thus, the amended complaint actually demonstrates that Judge Newman attended to his duties, albeit not to the satisfaction of Owens-Collins.

Although Owens-Collins disagrees with Judge Newman's judicial decisions, her disagreement does not state a plausible claim under the statutory exception to judicial immunity. Texas Estate Code § 1201.003 does not apply. *See Johnston*, 2017 WL 11612500, at *5 (explaining that the statute does not "open judges to generalized liability for violations of other statutes or common-law duties").

Viewing the allegations in the light most favorable to Owens-Collins, the amended complaint does not state a plausible claim to relief.

7

*5. Conclusion*

The court previously granted leave to amend and determines that further amendment would be futile. Because Owens-Collins has not alleged facts that defeat judicial immunity, the court recommends that Judge Newman's third motion to dismiss (D.E. 23) be granted, that the prior motions (D.E. 9; D.E. 22) be denied as moot, and that the case be dismissed with prejudice.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 17, 2021.

Peter Bray
United States Magistrate Judge